## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**DARRELL W. JOHNSON,**

     **Plaintiff,**

**vs.**                                **Case No. 5:03cv291-WCS**

**DALE RABON GUTHRIE,**

     **Defendant.**

_____/

## O R D E R

Defendant has filed motion for summary judgment, doc. 30, asserting that Plaintiff is unable to present a valid claim against Defendant as Defendant was only performing a non-discretionary duty in complying with a court order.  Defendant also filed a memorandum of law in support of the summary judgment motion, doc. 32, a supporting affidavit, doc. 31, and a separate narrative statement of undisputed facts. Docs. 33-34.  Defendant also presented several items of documentary evidence.  Docs. 35-41.  At this point in the proceedings, Plaintiff will be required to submit his response, if desired, in opposition to Defendant's summary judgment motion.  As Plaintiff is proceeding *pro se* in this action, this order is entered to advise Plaintiff of his burden in opposing the summary judgment motion pursuant to Rule 56.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  Defendant need only show "there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial."  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  However, in opposition to summary judgment, Plaintiff must "present evidence from which a jury might return a verdict in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).  Put another way, Plaintiff has the burden of coming forward with evidentiary material demonstrating a genuine issue of fact for trial.  "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case."  Hickson Corp. v. Northern Crossarm Co., Inc..357 F.3d 1256, 1259 (11th Cir. 2004).  Furthermore, a factual issue "is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Western Group Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1361 (11th Cir. 1999), citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.  Thus, Plaintiff should be aware that "the mere existence of some alleged factual dispute between the parties will not defeat" a summary judgment motion; there must be a "genuine issue of material fact." Anderson, 477 U.S. at 247-248, 106 S.Ct. at 2510.

Plaintiff may not rely upon the "mere allegation or denials" in the pleadings in opposing summary judgment.  Anderson, 477 U.S. at 256, 105 106 S.Ct. at 2514.

Rather, to withstand Defendant's summary judgment motion, and because Plaintiff bears the "ultimate burden of proof at trial," Plaintiff must "come forward with evidence sufficient to withstand a directed verdict motion."  Hickson Corp., 357 F.3d at 1260. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

As required by the local rules of this Court, N.D. Fla. Loc. R. Rule 56.1(A), Defendant submitted a statement of material facts as to which it is contended there is no genuine issue of fact.  Docs. 33-34.  In opposing summary judgment Plaintiff shall (in addition to submitting other materials permitted by the Federal Rules, discussed above) submit a separate statement of facts as to which Plaintiff contends there *is* a genuine issue of fact.  Rule 56.1(A).  The statement must reference the "source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source."  *Id.*  Facts set forth in the Defendant's statement will be deemed admitted unless controverted by Plaintiff's statement.  *Id.*

The Court will take the motion for summary judgment under advisement on **July 15, 2005**, and will enter a report and recommendation on or after that date.[1]  Plaintiff

---

[1] Any delay in entry of a report and recommendation after that date will be due to the volume of other pending cases ready for adjudication earlier than this case.

must file all argument and evidence in opposition to summary judgment, or seek additional time to do so, <u>before</u> that date.

Accordingly, it is **ORDERED**:

1.  Defendant's motion for summary judgment, doc. 30, will be taken under advisement on **July 15, 2005**.  A report and recommendation will be entered on or after that date, and any additional material in support of, or in opposition to, summary judgment must be filed before that date.

2.  The Clerk shall return this file to the undersigned upon Plaintiff's filing of his opposition to summary judgment, or no later than July 15, 2005.

**DONE AND ORDERED** on June 2, 2005.


**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**