### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION


**DARRELL W. JOHNSON,**

      **Plaintiff,**

**vs.**                                        **Case No. 5:03cv291-WCS**

**DALE RABON GUTHRIE,**

      **Defendant.**

_____/


## O R D E R

Previously, Plaintiff was given until July 15, 2005, to submit his response to Defendant's motion for summary judgment, doc. 30.  Doc. 43.  Plaintiff has now submitted a belated "motion to compel" which requests an order directing the warden of Plaintiff's institution to provide Plaintiff with legal materials so that Plaintiff can file his opposition.  Doc. 44.  Construed as a motion for an enlargement of time, the motion is granted.  Plaintiff shall have until **August 30, 2005**, in which to provide his opposition to Defendant's summary judgment motion.  As Plaintiff's obligation under FED. R. CIV. P. 56 was previously explained to him, it will not be set forth again in this order.  Plaintiff should review that order, doc. 43, prior to filing his response.

As a motion to compel, doc. 44, the motion is denied.  The warden of Apalachee Correctional Institution is not a Defendant in this case and the Court lacks personal

jurisdiction over Mr. Solomon.  Furthermore, should Plaintiff be unable to obtain

sufficient pens and paper to draft his response, Plaintiff shall submit documentary

evidence of that fact to the Court.  Plaintiff must show on grievances or inmate request

forms that he has been requesting pens and paper and has been denied those supplies.

Plaintiff was able to file a 6-page motion here, and it is, thus, unclear why Plaintiff could

not have filed his response.  No further extensions of time will be provided absent a

showing of extraordinary circumstances.

Accordingly, it is **ORDERED**:

1.  Defendant's motion for summary judgment, doc. 43, will be taken under

advisement on **August 30, 2005**.  A report and recommendation will be entered on or

after that date, and any additional material in support of, or in opposition to, summary

judgment must be filed before that date.

2.  Plaintiff's "motion to compel," doc. 44, construed as a motion for an

enlargement of time, is **GRANTED**.

3.  Plaintiff shall have until **August 30, 2005**, in which to provide his opposition to

Defendant's summary judgment motion.

4.  Plaintiff's motion to compel, doc. 44, is **DENIED**.

5.  The Clerk shall return this file to the undersigned upon Plaintiff's filing of his

opposition to summary judgment, or no later than August 30, 2005.

**DONE AND ORDERED** on July 25, 2005.

**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**